UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
Central Division at Lexington

| | |
|---|---|
| COMMONWEALTH OF KENTUCKY<br>ex. rel. RUSSELL COLEMAN, ATTORNEY GENERAL,<br><br>         *Plaintiff*,<br><br>  v.<br><br>EXPRESS SCRIPTS, INC., *et al.*,<br><br>         *Defendants*. | Case No. 5:24-cv-00303-KKC |

**MEMORANDUM IN SUPPORT OF THE COMMONWEALTH OF KENTUCKY'S MOTION FOR RULE 11 SANCTIONS**

  The Commonwealth of Kentucky (the "Commonwealth"), by and through its undersigned counsel Motley Rice LLC, moves this Court pursuant to Rule 11 of the Federal Rules of Civil Procedure for an order imposing sanctions on Defendant OptumRx, Inc. and its counsel, Brian D. Boone and Alston & Bird LLP ("Counsel") for filing a frivolous motion with an improper purpose to disqualify Motley Rice from representing the Commonwealth in this action. *See* Dkt. 55. Virtually identical motions filed by Alston & Bird on behalf of OptumRx have been rejected unanimously in four prior cases by five different courts. In affirming the opioid MDL court's denial of essentially the same motion to disqualify, the Sixth Circuit, in a unanimous decision, observed that the only apparent purpose of the motion was to harass Motley Rice in order to deny the plaintiff in that case its choice of counsel, serious misconduct indeed. *In re OptumRx, Inc.*, No. 24-3396, ECF No. 7 (6th Cir. Oct. 22, 2024). OptumRx then sought a rehearing and to disqualify one the panel judges. The Sixth Circuit denied both requests. *In re OptumRx, Inc.,* No. 24-3396*,* ECF No.14 (6th Cir. Feb. 24, 2025) (stating that the panel fully considered the issues on original submission and no judge requested a vote on rehearing *en banc*).

1

Motley Rice has requested repeatedly that OptumRx and its Counsel at Alston & Bird cease and desist from this and related misconduct, but they have refused to do so and have indicated that they intend to file identical motions to disqualify in every possible matter, now and in the future. The Commonwealth has included that correspondence as Attachment D.

The Commonwealth has complied with the requirements for filing this motion by providing OptumRx and its Counsel at Alson & Bird 21 days' notice and an opportunity to withdraw the offending motion. *See* Attachment C. Not surprisingly, OptumRx and its Counsel did not take that opportunity. It appears that the only way to dissuade them is for significant sanctions to be imposed upon them under Rule 11, which squarely applies here.

## FACTUAL BACKGROUND

OptumRx, a pharmacy benefit manager that, among other things, designs and administers prescription drug plans, stands accused in this and other lawsuits of colluding with opioid manufacturers to spread fraudulent misrepresentations about the risks and benefits of opioids and to secure favorable and unrestricted formulary access for opioids that dramatically increased the number of opioid prescriptions across the country and fueled the nationwide opioid epidemic. *See, e.g., Commonwealth of Kentucky, ex rel. Russell Coleman, Attorney General v. Express Scripts Inc., et al.*, Case No. 24-CI-00594, Dkt. 1 (Ky. Cir. Ct. Jessamine County Div. 1 2024). As this Court is doubtless aware, the opioid epidemic has had a particularly devastating toll in Kentucky. More than 7,500 Kentuckians died from opioid-related overdoses between 2019 and 2023, and the toll from addiction and its related consequences in family and community dislocation are far higher.[1]

---

[1] *See, e.g.,* https://kiprc.uky.edu/sites/default/files/202407/2023_2019_od2a_overdosemortalityannualreport.pdf.

The Commonwealth selected Motley Rice as its counsel in this action. Motley Rice is one of the nation's leading mass-tort plaintiff firms with extensive experience holding companies in the opioid industry accountable for their roles in creating and fueling the nationwide opioid crisis and ensuring that they compensate their victims. *See In re Nat'l Prescription Opiate Litig.*, Case No. 1:17-md-2804, (N.D. Ohio Mar. 18, 2024), ECF No. 34 at 8–9 (appointing Joe Rice as co-lead counsel of the PEC in January 2018 and listing more than 40 prior MDLs in which he served in a leadership role). By their repeated motions to disqualify, OptumRx and Alston & Bird seek to harass Motley Rice and improperly interfere in its relationships with its clients, as the Sixth Circuit concluded.

Recidivist corporate wrongdoers do not get to choose opposing counsel. Nonetheless, alone among defendants and opposing counsel in opioid litigation involving Motley Rice, OptumRx and its Counsel at Alston & Bird have settled on that strategy. They apparently have decided that OptumRx's best chance to avoid liability is to keep Motley Rice from representing government entities seeking justice for the enormous damage caused by OptumRx's misconduct. They began by seeking unsuccessfully to disqualify Motley Rice from representing cities and counties in the opioid MDL proceeding in the Northern District of Ohio.

OptumRx and Alston & Bird contended that Motley Rice's representation of governmental clients investigating OptumRx's unfair and deceptive practices in overbilling for prescription drugs disqualifies the firm from also representing claimants alleging that OptumRx's unrestrained promotion of opioids and its refusal, because of its own financial incentives, to impose common-sense, medically-appropriate limitations on the use of opioids fueled an epidemic of addiction. *See In re Nat'l Prescription Opiate Litig.*, 2024 WL 3387288, at *8–19 (N.D. Ohio March 18, 2024). The MDL court denied the motion to disqualify, holding that OptumRx does not face a material

3

disadvantage from Motley Rice's representation to warrant disqualification. *Id.* at *16. The MDL court requested that the parties "move past this issue and direct their energies toward reaching a resolution of their cases." *Id.*

But OptumRx and its Counsel at Alston & Bird refused to move past their disqualification efforts. OptumRx and Alston & Bird petitioned the United States Court of Appeals for the Sixth Circuit for a writ of mandamus, seeking to reverse the MDL court's ruling. The Sixth Circuit, in a unanimous ruling from the three-judge panel, rejected that petition, holding that "[e]ven under de novo review, the district court's well-reasoned analysis compels the conclusion that [OptumRx] faces no material disadvantage . . ." and, therefore, disqualification was not warranted. Order at 3, *In re OptumRx, Inc.*, No. 24-3396 (6th Cir. Oct. 22, 2024), ECF No. 7 ("Order Denying Writ. of Mandamus"). Notably, the Sixth Circuit cautioned that OptumRx's failure to raise any purported conflict or misconduct for five years "presents a serious concern that its efforts to disqualify Motley Rice are merely 'disguised harassment' in order to deny Plaintiffs their chosen counsel." *Id.* at 4 (citation omitted). Following the Sixth Circuit ruling, Alston & Bird, on behalf of OptumRx, filed a motion to disqualify one of the judges on the panel that rendered the decision, or for rehearing *en banc*. The Sixth Circuit rejected that motion too. *See In re OptumRx, Inc.*, No. 24-3396 (6th Cir. Oct. 22, 2024), ECF No. 7, *pet. for reh'g en banc denied*, dkt. 14 (6th Cir. Feb. 24, 2025) (stating that the panel fully considered the issues on original submission and no judge requested a vote on rehearing en banc).

Having failed decisively in the MDL proceeding, OptumRx and its Counsel at Alston & Bird then filed copycat motions in each new opioid action in which Motley Rice was involved. Each time, counsel at Alston & Bird on behalf of OptumRx raised the exact same legal and factual arguments that are evaluated under substantially identical standards. Recently, a federal district

4

court in Massachusetts summarily denied OptumRx's motion to disqualify Motley Rice in a similar case on the same grounds. The Massachusetts court held that the reasoning of the MDL court's decision was "persuasive", that OptumRx "faces no material disadvantage from any access to documents Motley Rice gained by representing the other government entities", and that disqualification was unwarranted. Electronic Order Denying Optum's Motion to Disqualify Counsel, *The City of Boston et al v. Express Scripts, Inc. et al.*, No. 24-cv-10525-PBS (D. Mass. Oct. 18, 2024), ECF No. 94.

OptumRx and Alston & Bird also filed a nearly identical motion to disqualify Motley Rice in a California court, *People ex rel. Harrison v. Express Scripts, Inc.*, No. 23STCV20886 (Cal. Super. Ct.). The California court denied the motion, explaining that it too found "the MDL court's analysis persuasive and dispositive as to the fourth element" because there was no material disadvantage to OptumRx. *See* Attachment E, *People ex rel. Harrison v. Express Scripts, Inc.*, No. 23STCV20886 (Cal. Super. Ct. Nov. 14, 2024). OptumRx and Alton & Bird once again filed a nearly identical motion in federal court in Maryland. *See Anne Arundel County, Maryland v. Express Scripts, Inc. et al*, No. 1:24-cv-00090-MJM (D. Md. Jan. 21, 2025). Citing to the previous orders denying OptumRx and Alston & Bird's motions to disqualify Motley Rice, the District Court of Maryland also denied the disqualification motion. *See* Memorandum, *Anne Arundel County, Maryland v. Express Scripts, Inc. et al*, No. 1:24-cv-00090-MJM, ECF No. 98, at 20 (D. Md. Jan. 21, 2025) ("Because OptumRx has failed show the possibility of a material disadvantage from Motley Rice's representation of the County, its motion to disqualify the firm will be denied").

Now OptumRx, through its Counsel at Alston & Bird, has filed an essentially identical motion to disqualify Motley Rice in another case within the Sixth Circuit. *See* Dkt. 55. OptumRx's disqualification motion is meritless and should be denied for the reasons set forth in

5

the Commonwealth's Memorandum in Opposition to Defendant's Motion to Disqualify Motley Rice. *See* Dkt. 64.[2] The Motion to disqualify in this case is particularly brazen because the Sixth Circuit has already rejected an essentially identical motion. To avoid overburdening the court with duplicative filings, the Commonwealth incorporates those arguments by reference.

Before filing this Rule 11 motion, Motley Rice attempted to resolve this issue without court involvement. Motley Rice directed its counsel Richard Shore at Gilbert LLP to send letters to Alston & Bird requesting that they cease and desist from filing disqualification motions and withdraw pending motions. They refused. Instead, Alston & Bird stated that, "if [OptumRx] direct[s] us, we will file motions to disqualify Motley Rice in every court or proceeding presenting the same or similar ethical concerns unless and until the relevant court of last resort (whether the U.S. Supreme Court or otherwise) rejects our position." *See* Attachment D, Geerken Letter (Aug. 29, 2024).

While OptumRx and its Counsel at Alston & Bird have failed to persuade any court to disqualify Motley Rice, they have succeeded in burdening a number of government entities (now including the Commonwealth in this action), Motley Rice as opposing counsel, four federal courts, and one state court. Each motion has required the plaintiff in the case to expend considerable time and expense protecting their right to select counsel of their choice, and Motley Rice to protect its ability serve its clients. Each motion has caused unnecessary delay in the progress of these cases, diverting attention and resources away from addressing the substantive issues related

---

[2] As detailed in the memorandum, OptumRx failed to demonstrate that any Motley Rice attorney knew that it had confidential government information about a person, acquired when serving as a public officer or employee, while also representing a plaintiff whose interests are adverse to that person, in a matter in which the information could be used to the material disadvantage of that person.

to Optum's conduct and the opioid crisis. Finally, each motion has wasted judicial resources on improper motions that raise frivolous arguments, the central concern of Rule 11.

Because OptumRx and its Counsel at Alston & Bird have made clear that they will not be deterred absent judicial intervention, the Commonwealth respectfully requests that the Court impose sanctions to refocus their attention to resolving the disputes between the parties on their merits, rather than litigation gamesmanship.

## ARGUMENT

**I.  OPTUMRX'S MOTION TO DISQUALIFY RAISES FRIVOLOUS LEGAL ARGUMENTS AND WAS FILED FOR IMPROPER PURPOSES, AND IT THUS VIOLATES THE CENTRAL CONCERN OF RULE 11.**

Rule 11 is designed to "deter baseless filings . . . and thus . . . streamline the administration and procedure of the federal courts." *McGhee v. Sanilac Cnty.*, 934 F.2d 89, 92 (6th Cir. 1991). When filing a pleading or motion with the court, Rule 11 requires attorneys to certify that to the best of their knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) the motion is not for any improper purpose, such as harassment, causing unnecessary delay, or needlessly increasing litigation costs; (2) the legal arguments are supported by existing law or by a nonfrivolous argument for changing the law; and (3) the factual contentions have, or are likely to have after further investigation, evidentiary support. *See Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2003). The inquiry turns on whether an attorney's conduct meets an "objective standard of reasonableness under the circumstances." *See Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990). The decision to impose Rule 11 sanctions for violations of the Rule is "within the broad discretion" of the district court. *Nieves v. Cty. Of Cleveland*, 153 F. App'x 349, 352 (6th Cir. 2005). And courts may impose any sanctions calibrated to deter conduct that violates the rule, including reasonable attorneys' fees and fines. *See James v. Caterpillar, Inc.*, 824 F. App'x 374, 377 (6th Cir. 2020).

Here, the motion to disqualify squarely violates Rule 11 and warrants serious sanction. OptumRx through its Counsel at Alston & Bird has filed motions to disqualify Motley Rice on the exact same grounds in multiple courts. Disqualification is a "drastic" measure, that should only be granted when "absolutely necessary" because plaintiffs are ordinarily entitled to the counsel of their choice. *See United States v. Villaspring Health Care Ctr., Inc.*, No. CIV.A. 3:11-43-DCR, 2011 WL 5330790, at *2 (E.D. Ky. Nov. 7, 2011) ("Disqualification is a drastic measure that the Court should hesitate to impose, because it serves to separate a party from the counsel of his choice with immediate and measurable effect") (internal quotations omitted). Courts in this district urge that motions to disqualify "be viewed with caution" as they can be misused as a "technique of harassment." *See Carlsen v. Thomas*, 159 F.R.D. 661, 664 (E.D. Ky. 1994) (internal quotations omitted). In light of the drastic nature of disqualification, the movant bears the burden of proof to show that (1) there is a "reasonable possibility that some 'specifically identifiable impropriety' actually occurred" and (2) the public interest in ensuring professional conduct outweighs the party's right to counsel of choice. *See Altenhofen v. S. Star Cent. Gas Pipeline, Inc.*, No. 4:20CV-00030-JHM, 2020 WL 6877573, at *1 (W.D. Ky. Nov. 23, 2020); *see also Carlsen v. Thomas*, 159 F.R.D. at 669 (denying plaintiffs' motion to disqualify, reasoning that the plaintiffs failed to meet their initial burden of proving grounds for counsel's disqualification under applicable professional standards).

Each of the five courts to have considered OptumRx's motions—including the Sixth Circuit Court of Appeals—has held that disqualification is not warranted in these circumstances. Nonetheless, OptumRx and its Counsel at Alston & Bird continue to file these frivolous motions in an effort to delay proceedings, harass the victims of their misconduct, and burden their right to

8

select Motley Rice to represent them in these cases. This conduct is exactly what Rule 11 was designed to prevent—the filing of frivolous, duplicative motions that serve no legitimate purpose.

> A. **OptumRx's Motion to Disqualify Motley Rice Is Improper Because It Raises Frivolous Legal Arguments.**

Rule 11(b)(2) of the Federal Rules of Civil Procedure requires that an attorney, in presenting a motion to the court, certify, after reasonable inquiry, that "the [claims or defenses] therein are warranted by existing law or a nonfrivolous argument for the extension, modification, or reversal" of the law. Rule 11 punishes the filing of a pleading, motion, or other paper that a reasonable attorney would recognize as frivolous. *See Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 939–940 (6th Cir. 2002) (granting defendants' motion for Rule 11 sanctions, reasoning that monetary sanctions were warranted where plaintiffs and their attorney repeatedly filed and lost multiple lawsuits in state court, then attempted to relitigate the same issues in federal court through frivolous legal arguments and unsupported factual allegations).

Any reasonable attorney would conclude that the disqualification motion here is frivolous. OptumRx's memorandum in support of its motion to disqualify Motley Rice asserts that the documents obtained during government investigations in Chicago, Washington, D.C., and Hawaii are "confidential government information" that cannot be used in litigation against OptumRx[3]— but these are the same facts that were the basis of the failed motions to disqualify in three other cases. Every court to consider the question has concluded that the plaintiffs in those cases are entitled to unfettered access to the supposedly conflict-inducing documents, as does the Commonwealth. Indeed, they are entitled to obtain them, without constraint, from the opioid MDL document repository. *See In re Nat'l Prescription Opiate Litig.*, 2024 WL 3387288, at *5 (N.D.

---

[3] *See* Memorandum Supporting OptumRx, Inc.'s Motion To Disqualify Motley Rice, ECF No. 55. ("OptumRx Mem.").

9

Ohio March 18, 2024). For example, the MDL court noted that not only did OptumRx delay in bringing its disqualification motion, but the discovery also was proper.

> OptumRx has not been meeting its MDL Repository obligations in full for some time, even after being repeatedly reminded and asked to do so by plaintiffs. The Court frowns on this continued recalcitrance and will brook it no further; and warns OptumRx against pursuing this approach generally as discovery goes forward.

*Id.* at *16. The Sixth Circuit reached the same result, finding that OptumRx "faces no material disadvantage from any information Motley Rice obtained in the Chicago, D.C., and Hawaii investigations because it should have already been produced into the MDL discovery repository pursuant to the district court's case management orders and discovery rulings." Order Denying Writ. of Mandamus at 3. And a Massachusetts district court adopted the MDL court's reasoning too. *See Express Scripts*, Order Denying OptumRx's Mot. to Disqualify Counsel (finding persuasive that OptumRx failed to show material disadvantage where MDL defendants were required to produce all documents from prior opioid investigations to the MDL document repository); *see also People ex rel. Harrison v. Express Scripts, Inc.*, No. 23STCV20886 (Cal. Super. Ct. Nov. 14, 2024) (same); s*ee also Anne Arundel County, Maryland v. Express Scripts, Inc. et al*, No. 1:24-cv-00090-MJM, at 20 (D. Md. Jan. 21, 2025) (same). In other words, opioids plaintiffs are entitled to unrestricted access to the supposedly confidential documents OptumRx and its Counsel at Alston & Bird contend gives rise to a disqualifying conflict.

Because no reasonable attorney would file a motion based on these facts that is demonstrably lacking in merit and that had been rejected unanimously by multiple prior courts, Alston & Bird has violated Rule 11(b)(2) and is deserving of sanction.

10

### B. OptumRx's Motion to Disqualify Motley Rice Is Improper Because It Was Filed for an Improper Purpose.

Courts determine whether an attorney's conduct demonstrates an improper purpose through an objective lens, rather than evaluating the attorney's subjective intent. *See Nieves v. City of Cleveland*, 153 F. App'x 349, 353 (6th Cir. 2005) (requiring courts to assess Rule 11 violations using an objective standard of reasonableness, not subjective intent). Improper purpose may be manifested in at least two ways. First, by filing motions that lack a foundation in fact or a grounding in the law. *See INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 402 (6th Cir. 1987). And second, by filing pleadings or motions in an untimely manner. *See Presley v. Free*, No. CV 6:22-107-DCR, 2023 WL 3457865, at *5 (E.D. Ky. May 15, 2023) (granting Rule 11 sanctions against plaintiff after concluding that lawsuit was brought "for the improper purposes of causing unnecessary delay and needlessly increasing the cost of litigation"). The actions of OptumRx, its Counsel, and Alston & Bird demonstrate an improper purpose in both respects.

As detailed above, the motion to disqualify filed by Counsel at Alston & Bird on behalf of OptumRx lacks an appropriate foundation in fact or grounding in law, because it merely repeats mischaracterizations and meritless arguments that do not warrant disqualification and have been rejected by every court to have considered the question. *See* Section I(A), *supra*. The facial lack of merit of the arguments put forward by OptumRx, its Counsel, and Alston & Bird, and their repeated, unanimous rejection by multiple courts, make clear that the arguments for disqualification are frivolous.

Moreover, OptumRx's delay in raising these arguments also demonstrates its objective intent to harass Motley Rice and the Commonwealth, which brings its claims to enforce the laws of Kentucky and protect public health and safety. Courts in this district have long recognized that the timely service of a motion to disqualify is crucial to curb its potential use as a litigation tactic

11

or as a means to harass the opposing party. *See Carlsen v. Thomas*, 159 F.R.D. at 664 (warning that motions to disqualify "can be misused as a technique of harassment"). Here, OptumRx waited approximately nine months before it filed its motion to disqualify on June 3, 2025. Since the Commonwealth filed its Complaint in state court on September 25, 2024, OptumRx has needlessly delayed moving to disqualify opposing counsel. Instead of timely moving to disqualify, OptumRx first removed the case to this Court (ECF 1.).[4] OptumRx's, its Counsel's and Alston & Bird's strategy of delaying the filings of its disqualification motion here (as in prior cases) demonstrates an intent to frustrate the efficient progress of these cases. The opioid MDL court mentioned with disapproval OptumRx's and Alston & Bird's delaying strategy concerning the motion to disqualify there.

Because OptumRx, its Counsel, and Alson & Bird's conduct demonstrates an objective intent to harass and delay, their motion violates Rule 11(b)(1), and sanctions are warranted.

**II.  SANCTIONS ARE NECESSARY AND APPROPRIATE HERE TO DETER OPTUMRX'S AND ITS COUNSEL'S ONGOING MISCONDUCT, PARTICULARLY BECAUSE THEY THREATEN TO REPEAT IT IN EVERY FUTURE CASE.**

Rule 11 of the Federal Rules of Civil Procedure supports the imposition of sanctions to deter future misconduct. As articulated by the Sixth Circuit, the primary purpose of Rule 11 is to "deter future litigation abuse", and OptumRx and Alston & Bird clearly have been abusing the

---

[4] This also is not the first time OptumRx, its Counsel, and Alston & Bird have has needlessly delayed moving to disqualify counsel in other cases too. In the MDL, OptumRx waited until December 2023 to move to disqualify Motley Rice from all cases involving OptumRx, even though it had known since 2018 that Motley Rice was MDL Plaintiffs' Co-Lead Counsel and was counsel for the City of Chicago in the copay clawback investigation. *See In re Nat'l Prescription Opiate Litig.*, 2024 WL 3387288, at *4–6. Although the Sixth Circuit was not asked to determine whether Defendants' disqualification motion was improper, it went out of its way to raise concerns, noting that Defendants' failure to raise the issue for nearly five years suggests that its efforts to disqualify Motley Rice are merely "disguised harassment" intended to deny Plaintiffs their chosen counsel. *In re OptumRx, Inc.*, Order Denying Writ. of Mandamus at 3–4.

12

court system in their desire to burden plaintiffs and harass Motley Rice in every jurisdiction possible. The Sixth Circuit has held that Rule 11 was designed to deter abuse of the litigation process. *See Strate v. U.P.S.*, 928 F.2d 405 (6th Cir. 1991). In addition to deterrence, sanctions serve to remediate harm caused by Rule 11 violations by compensating the victim for attorneys' fees and other reasonable expenses incurred in responding to frivolous filings. *See King v. Whitmer*, 71 F.4th 511, 532 (6th Cir. 2023), *cert. denied sub nom. Powell v. Whitmer*, 144 S. Ct. 1003, 218 L. Ed. 2d 22 (2024), *reh'g denied*, 144 S. Ct. 1386, 218 L. Ed. 2d 452 (2024), *and cert. denied sub nom. Wood v. Whitmer*, 144 S. Ct. 1004, 218 L. Ed. 2d 22 (2024). Punishing the responsible party and enhancing judicial administration are also key objectives of imposing sanctions. Without meaningful sanctions, OptumRx's, its Counsel's, and Alston & Bird's misuse of the judicial process will persist, undermining the judicial system's ability to adjudicate disputes effectively and fairly, without the taint of improper litigation gamesmanship. Because OptumRx's, its Counsel's and Alson & Bird's conduct demonstrates an objective intent to harass and delay, their motion violates Rule 11(b)(1).

Deterrence is necessary here. OptumRx's and Alston & Bird's repeated attempts to advance meritless arguments, despite multiple warnings, demonstrate a clear pattern of litigation abuse that must be addressed to prevent further harm to the Commonwealth—and future plaintiffs, to discourage activity designed to harass opposing counsel and interfere with their client relationships, and to ensure the efficient administration of justice. *See Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 939-940 (6th Cir. 2002) (holding that monetary sanctions under Rule 11 were warranted to deter plaintiffs and their attorney from repeatedly filing and losing lawsuits in state court, then attempting to relitigate the same issues in federal court through frivolous legal arguments and unsupported factual allegations). Because OptumRx's and Alston & Bird's conduct

demonstrates an objective intent to harass and delay, their actions warrant Rule 11 sanctions. *See Joiner v. Evans*, 27 F. App'x 485, 486 (6th Cir. 2001) (imposing monetary sanctions to deter plaintiff from filing multiple frivolous and unsupported lawsuits).

In determining the appropriate sanction, courts in the Sixth Circuit consider a number of factors, including, as relevant here, (1) the reasonableness of Plaintiff's attorneys' fees, (2) whether the party seeking sanctions mitigated their damages by acting promptly and avoiding unnecessary expenses, (3) the minimum sanction necessary to deter further misconduct, and (4) the wrongdoer's ability to pay. *See Jackson v. L. Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1230 (6th Cir. 1989) (citing *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 404 (6th Cir. 1987)). Monetary sanctions, including both a fine and attorneys' fees in this and the prior cases (because OptumRx and Alston & Bird are engaged in an intentional pattern and practice of wrongful behavior that they threaten to repeat over and over), is particularly warranted here to remediate the harm caused by OptumRx's and Alston & Bird's repeated abuses and to serve as a deterrent against similar conduct in the future. *See Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 386 (6th Cir. 1997) (imposing Rule 11 sanctions, concluding that direct payment to the injured party was necessary and appropriate for deterrence given plaintiffs' improper motives, repeated Rule 11(b) violations, substantial wealth, and difficulty enforcing collection).

First, the Commonwealth's attorneys' fees are reasonable given the substantial time and effort required to respond to OptumRx's, its Counsel's, and Alston & Bird's repeated, frivolous disqualification motions. These filings necessitated careful and thorough responses, resulting in significant attorney hours and expert costs. *See* Attachment B (Singer Affidavit). Indeed, the Commonwealth only seeks fees incurred after OptumRx's, its Counsel's and Alston & Bird's first motion was rejected. *Id*.

14

Second, the severity of Optum Rx's, its Counsel's, and Alston & Bird's Rule 11 violations warrants the imposition of sanctions. Their repeated filing of essentially identical disqualification motions, despite their being unanimously and roundly rejected by the courts that have considered them, and their threat to continue filing them in every case involving Motley Rice, constitutes a serious abuse of the judicial process. The fact that they are doing so for no legitimate litigation purpose, but only to harass litigation opponents and burden their attorney-client relationships, threatens the integrity of the litigation process and the legitimate legal and financial interests of those parties. And their willingness to continue to pursue these baseless motions demonstrates a cavalier disregard of the burden they are imposing on busy courts and the judicial process. The imposition of attorneys' fees and a fine (to include harm caused by their abusive tactics, especially given the critical importance in the adversary system of allowing a plaintiff to choose their counsel) is fully warranted here.

Third, OptumRx, its Counsel, and Alston & Bird have shown a clear pattern of using disqualification motions as a tactic to harass and delay, and without meaningful financial consequences, there is every indication that they intend to continue with their strategy to attempt to disqualify Motley Rice in every case. In addition to attorneys' fees and expenses, a fine is necessary to meaningfully punish their wrongful conduct and deter threatened future misconduct. In determining the amount of sanctions, attorneys' fees are just the starting point. While they are significant and should be reimbursed, they are dwarfed by the harms OptumRx and Alston & Bird have cavalierly imposed and attempted to impose—and threaten to continue to impose—on opioid claimants, Motley Rice and its attorney-client relationships, the judicial process, and the courts. This requires a commensurate penalty.

Finally, the wrongdoers' ability to pay should be considered in determining the appropriate sanction. OptumRx is estimated to have a market capitalization of nearly $475 billion. Alston & Bird is an AmLaw 100 law firm with estimated annual revenue of more than a billion dollars. The amount of the penalty for their Rule 11 violations is within the sound discretion of this Court, and the Commonwealth requests that the Court impose substantial sanctions in an amount sufficient to deter future misconduct.

## CONCLUSION

OptumRx's and its Counsel at Alston & Bird's motion to disqualify Motley Rice, and their pattern and practice of filing similar motions despite unanimous rejection by numerous courts and the conclusion of at least one court that the only apparent purpose of the motions is harassment, violate Rule 11 and warrant monetary sanctions, including an award of attorneys' fees and a substantial fine charged against both OptumRx and its Counsel at Alston & Bird. They have shown that they will not be deterred otherwise. Because they will not be deterred absent sanctions, the Commonwealth respectfully requests the Court impose sanctions for attorneys' fees as well as additional monetary sanctions and enter an order in the form attached that properly reflects the concerns outlined in this motion. *See* Attachment A.

Dated: July 21, 2025

Respectfully submitted,

COMMONWEALTH OF KENTUCKY

By counsel:

*/s/ Elizabeth Smith*
Elizabeth Smith (*pro hac vice*)
Linda Singer (*pro hac vice*)
MOTLEY RICE LLC
401 9th Street NW, Suite 630
Washington, DC 20004
esmith@motleyrice.com

        lsinger@motleyrice.com
        Tel: (202) 232-5504

        */s/ J. Christian Lewis*
        Justin Clark
        J. Christian Lewis
        Stephen B. Humphress
        J. Christopher Bowlin
        Office of the Kentucky Attorney General
        700 Capital Avenue, Suite 118
        Frankfort, Kentucky 40601
        justind.clark@ky.gov
        christian.lewis@ky.gov
        steve.humphress@ky.gov
        christopher.bowlin@ky.gov
        Tel: (502) 696-5300
        Fax: (502) 573-8317

        *Attorneys for the Commonwealth of Kentucky*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2025, a copy of the foregoing was filed electronically through the Court's CM/ECF system. Service of this filing will be made on all ECF-registered counsel by operation of, and parties may access this filing through, the Court's electronic filing system.

        */s/ Elizabeth Smith*
        Elizabeth Smith